## FITZHENRY v. LAMSON.

(Supreme Court, Appellate Division, First Department. June 11, 1897.)

1. MASTER AND SERVANT—DEFECTIVE APPLIANCES.
    The question whether the machine by which plaintiff was injured was not properly guarded and was out of repair should have been submitted to the jury, where plaintiff testified that a cloth on one of the rollers was torn, and that her hand was caught by the torn part, and injured, while she was operating the machine.

2. SAME—VOLUNTARY USE OF APPLIANCES.
    Plaintiff was engaged in receiving from defendant's mangle articles which were fed into it by another girl. On one occasion when plaintiff had nothing to do on her side of the mangle, defendant reproved her for standing idle, and ordered her to feed it. Afterwards, whenever the other girl was away from the mangle, plaintiff fed it, and while so engaged she was injured. Held, that she was not a volunteer in feeding the mangle.

Action by Josephine Fitzhenry, an infant, by Mary Fitzhenry, her guardian ad litem, against Oliver Lamson, for personal injuries. The complaint was dismissed, and plaintiff moves for a new trial on exceptions ordered to be heard by the appellate division in the first instance. Granted.

Argued before VAN BRUNT, P. J., and RUMSEY, O'BRIEN, INGRAHAM, and PARKER, JJ.

Adrian H. Larkin, for the motion.
Perry D. Trafford, opposed.

VAN BRUNT, P. J. This action was brought to recover damages for injuries which the plaintiff had sustained by having her hand caught in a mangle operated in the defendant's business. The plaintiff was a girl 14 years of age, and was employed by the defendant to work at braiding. After having been so engaged for about 10 days, one of the foremen of the defendant said to her, "Do you want to make some money?" The plaintiff replied, "Why, certainly." The

foreman then said, "Go right over to Annie." Annie was a young woman who was working at the mangle, which was distant about 20 feet from where the plaintiff was at work at braiding. The plaintiff went right over to Annie, and commenced working at the mangle, and was told by Annie to take the work which she was putting into the mangle out as it came through. Upon the second day that the plaintiff was working at the machine the rollers had become heated, and Annie was putting wet clothes through the machine to cool them. The plaintiff was standing at the back of the machine. The defendant, seeing her there, said: "You go around and help. Don't be standing there." The plaintiff then went around, and helped to put the clothes through the mangle, while the defendant stood there. She remained there about half an hour. After the rollers had become cool, she put one or two vests through the machine, and then went around and took them out of the other side. The witness further testified that she alternated between the two sides, and that when Annie went away she put the work into the machine and took it out. Annie was called as a witness for the plaintiff. She testified that she never knew of the plaintiff feeding the machine except at the time the wet cloths were used and at the time at which she was hurt. It appeared from the evidence that a blanket which covered one of the rollers of the machine had been out of order for two or three days, being torn, and that the defendant had been notified of it, and promised to have it repaired. Upon the third day of the plaintiff's working at the mangle Annie left the machine for some purpose, and the plaintiff commenced to feed the machine and take out the work; and while she was so doing she testifies that her hand was caught by the torn part of the blanket, drawn into the machine, and crushed. Upon the trial of the action the complaint was dismissed, to which exception was taken, and such exception was ordered to be heard in the first instance at the appellate division.

It is sought to sustain the ruling of the court below upon the ground that it was not proven that the mangle was unguarded, and that the tear in the blanket caused the accident. It is claimed that no attempt was made upon the trial to show that the machine was not properly guarded; but that, on the contrary, the evidence showed that it was very well guarded. The evidence shows that the machine was out of order; that the blanket was torn; that the defendant was notified of it, and promised to have it repaired; and the testimony upon the part of the plaintiff is that the loose part of this blanket caught her hand, and drew it into the mangle. If such a thing could happen, it is apparent that the machine was not properly guarded, and that it was out of repair, and that such want of repair caused the accident. There was clearly a question for the jury. Under the plaintiff's testimony, they were to determine as to whether her story was correct or not, or whether, in view of the other evidence in the case, it was impossible that the accident could have happened in the manner testified to by the plaintiff.

It is further attempted to sustain the ruling of the court upon the ground that the plaintiff, of her own accord, without orders from the defendant, attempted to feed the mangle, and in so doing she was a

volunteer, and cannot recover for the injuries which she sustained. It appears that the plaintiff, when standing idle upon her own side of the mangle, was remonstrated with by the defendant, and told to go and feed the machine with wet cloths, and help in that regard. She understood from this order upon the part of the defendant, as she very well might, that she was not to stand there idle, but was to assist in feeding the machine when it became necessary for the purpose of carrying on the work; and she swears that when Annie was absent she did feed the machine from that time forward, and it was in feeding the machine during said absence that the accident happened. The defendant's remonstrance with her for standing idle, and his instructions to her to go to the front, were a clear intimation that she should go to the front, and feed the machine, when there was nothing to do at the back of the machine. She was not, by any means, a volunteer in doing the work under those circumstances.

It is also claimed that, even if the defendant had told plaintiff to work at the mouth of the mangle without instructions, and without pointing out the danger, he was not negligent under the circumstances; the risks being apparent. There is no evidence in this case tending to show that to a child but 14 years of age the dangers of operating this machine were apparent. And, further, if the evidence of the plaintiff is to be considered, it was not the ordinary danger of operating the machine, but its want of repair, that caused the accident. The plaintiff had no reason to anticipate that this loose piece of blanket would catch her hand, and draw it into the machine. This was not an obvious danger, which was apparent from the operation of the machine.

The point that the failure to give instructions to the plaintiff, if any were needed, was the negligence of a fellow servant, for which she cannot recover, seems to be answered by what has been said in respect to the previous point made. It was not the ordinary danger of running the machine which caused the accident, and therefore the question of instructions had nothing to do with it. It further appears that, as far as setting the plaintiff to work at the mouth of the machine was concerned, it was done by the defendant himself.

It would seem, therefore, that there were questions which should have been submitted to the jury, and that it was error to dismiss the complaint. The exception should be sustained, and a new trial granted, with costs to the plaintiff to abide the event. All concur.